IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC TUCKER,** | |
| **Petitioner,** | |
| v. | Case No. 20-CV-585-SPM |
| **GLEN AUSTIN,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner, Eric Tucker, an Illinois Department of Corrections inmate currently incarcerated at Graham Correctional Center ("Graham"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts.

Tucker was convicted of murder/intent to kill/injure in St. Clair County, Illinois, and was sentenced to twenty (20) years imprisonment in 2016. *People v. Tucker*, No. 15-CF-937(20th Judicial Circuit). He filed a direct appeal, #5-16-0280, a petition for rehearing and a petition for leave to appeal to the Illinois Supreme Court, which was denied on March 20, 2020. *See People v. Tucker,* 2019 IL App (5th )160280-U (affirming conviction where there was no violation of defendant's constitutional right to a speedy trial); *People v. Tucker,* 2020 IL 125630 (appeal denied*).* Defendant

1

claims he did not file a post-trial petition because his appeal confirmed his conviction. (Doc. 1).

Tucker asserts several grounds for habeas relief, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and denial of his right to a speedy trial. *Id.* Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Tucker is not entitled to habeas relief.

## MOTION FOR RECRUITMENT OF COUNSEL

Tucker also filed a Motion for Recruitment of Counsel (Doc. 3) that was denied via text entry. (Doc. 7). The Court may appoint counsel for an indigent habeas petitioner under 28 U.S.C.§ 2254(h), and the appointment of counsel is governed by 18 U.S.C. § 3006A. Neither statute creates a right to counsel; rather, these statutes give the court broad discretion to appoint counsel for a petitioner seeking habeas relief.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself?"

*Santiago v. Walls,* 599 F.3d 749 (7t Cir. 2010), citing *Pruitt v. Mote,* 503 F.3d 647 (7th Cir. 2007).

In this case, Tucker combined a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) with a Motion to Appoint Counsel (Doc. 3). Although Tucker indicates there may be complex issues, he appears competent to handle this matter. He also does not provide any information regarding any attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. (Doc 3).

## SUBSTITUTION OF PROPER RESPONDENT

In habeas actions challenging present custody the proper Respondent is generally the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Based upon information and belief, the acting warden of Graham Correctional Center is Glen Austin.

## DISPOSITION

The Clerk of Court is **DIRECTED** to **TERMINATE** People of the State as respondent and **SUBSTITUTE** Glen Austin as respondent.

**IT IS HEREBY ORDERED** that respondent Austin shall answer or otherwise plead on or before **December 28, 2020**.[1] This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau,

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.

3

100 West Randolph, 12th Floor, Chicago, Illinois, 60601, shall constitute sufficient service.

Tucker is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failing to provide such notice nay result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 24, 2020**

<u>s/Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**United States District Judge**
