IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTRELL COOPER, | |
| Petitioner, | |
| v. | Case No. 22-CV-01357-SPM |
| ANTHONY WILLS, | |
| Respondent. | |

## MEMORANDUM AND ORDER

## McGLYNN, District Judge:

Petitioner, Montrell Cooper ("Cooper"), an Illinois Department of Corrections inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts.

Cooper was convicted of first-degree murder in St. Clair County, Illinois, and was sentenced to fifty (50) years imprisonment in 2017. *See People v. Montrell D. Cooper,* No. 13-CF-180901 (Twentieth Judicial Circuit, Illinois). He filed a direct appeal, #5-18-0225, a petition for rehearing and a petition for leave to appeal to the Illinois Supreme Court. *See People v. Cooper,* 2021 IL App (5th) 180225-U (affirming conviction, finding that defendant pleaded guilty knowingly, voluntarily, and intelligently, and not due to any misapprehension of the law); *People v. Cooper,* 2018 IL 127340 (PLA denied Sept. 29, 2021*).*

Cooper raises one issue, whether his plea was knowing and voluntary. *Id*. Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Cooper is not entitled to habeas relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that respondent Wills shall answer or otherwise plead on or before **October 3, 2022**.[1] This preliminary order to respond does not preclude the State from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601, shall constitute sufficient service.

Cooper is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failing to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: <u>August 26, 2022</u>

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.